Peter D. Cook, Esq. Town Attorney, Tonawanda
You have asked whether the provisions of section 64(5) of the Town Law permit a member of a town board to resign from the board and subsequently be appointed to either a town office or a position of employment.
Section 64(5) provides as follows:
 "Vacancies. Whenever a vacancy shall occur or exist in any town office, the town board or a majority of the members thereof, may appoint a qualified person to fill the vacancy. If the appointment be made to fill a vacancy in an appointive office, the person so appointed shall hold office for the remainder of the unexpired term. If the appointment be made to fill a vacancy in an elective office, the person so appointed shall hold office until the commencement of the calendar year next succeeding the first annual election at which the vacancy may be filled. A person, otherwise qualified, who is a member of the town board at the time the vacancy occurs may be appointed to fill the vacancy provided that he shall have resigned prior to such appointment."
Your concern is whether this provision permits the appointment of a member of a town board only to an "office" or would also permit appointment to a position of employment.
It is contrary to public policy for an appointing board to appoint one of its members to a position (Wood v Town of Whitehall, 120 Misc. 124 [Sup Ct, Washington Co, 1923], affd 206 App. Div. 786 [3d Dept, 1923]). We related the reasons for the Court's decision in an opinion of this office (1983 Op Atty Gen [Inf] 132). While the rule of the Whitehall case does not void the appointment of a former board member, we have recognized that situations may exist where the evil sought to be prevented by the Court in Whitehall would be present in the appointment of a former board member to a position (ibid.).
 "This would be the case where, prior to the appointment and when the prospective appointee is still a member of the appointing board, the board decides to make the appointment at some future date. Although the board member resigns prior to the appointment, a court might view this as a subterfuge to avoid the common law rule. The opportunity improperly to influence the board would be present since the appointee was a member of the board at the time the course of future action was mapped out" (ibid.).
It appears that section 64(5) of the Town Law creates an exception to this standard. In our view, however, the exception should not be construed to be any broader than the plain meaning of the statute. The provision authorizes the appointment of a member of the town board to an "office". "Office", as used in the Town Law, is a term of art distinguished from a position of employment (see Town Law, §§ 20,23).
We conclude that section 64(5) of the Town Law permits a former town board member to be appointed only to another town office.